UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMAR T. BATCHELOR,

        Plaintiff,

v.                                                                                      Case No. 12-CV-14130
                                                                                        Honorable Denise Page Hood
CITI-BANK, STANDARD FEDERAL, and
NATIONAL CITY BANK,

        Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    This is a case challenging a foreclosure sale. Now before the Court is Defendant CitiMortgage's Motion to Dismiss, filed September 25, 2012. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

**I.**

    The facts underlying this matter are unclear; Plaintiff Delmar Batchelor does not provide *any* factual allegations to support his complaint. It appears that Batchelor desires the Court to find that his mortgage was discharged back in 2003. He attaches to his complaint a Satisfaction or Discharge of Mortgage statement from September 2003, which indicates that his mortgage with National City Mortgage Services was discharged. However, a mortgage with ABN ABRO Mortgage Company has encumbered the property since August 1, 2003.[1] Batchelor does not attach anything evidencing the ABN ABRO/CitiMortgage (CMI) mortgage to his complaint. Nor does he indicate that he is currently in foreclosure or that Defendant CMI is currently seeking satisfaction of a debt from him.

---

[1] CitiMortgage is a successor by merger of ABN ABRO Mortgage Company.

The Court is left to proceed in the dark and guess the nature of Batchelor's claims and their basis.

## II.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). Accepting all factual allegations as true, the Court will review the complaint in a light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a mere possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

## III.

Batchelor originally filed this action *pro se*. However, at the hearing, counsel appeared on behalf of Batchelor. Counsel filed an appearance but did not appear at oral argument and has not filed anything in this matter; all responses were authored by Batchelor. Given that counsel has appeared on Batchelor's behalf, the Court will not hold him to the more liberal pleadings standards of a *pro se* litigant[2]. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

---

[2] Even if the Court were to hold Batchelor to the more liberal *pro se* standard, Batchelor's complaint does not meet this minimal pleading standard; the Court is not required to assume facts or create claims for a *pro se* litigant. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2007; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Holding the complaint to the higher standard afforded to those represented by counsel, Batchelor's complaint is completely deficient. The complaint fails to provide *any* factual support. This alone is cause for dismissal for failure to state a claim. *See Bell Atlantic*, 550 U.S. at 570. The complaint does not explain how CMI wronged him. Batchelor only refers to CMI once in the complaint. He cites various state and federal laws but does not describe how CMI violated these laws or exactly what provisions were violated. Notably, Batchelor does not offer a counter-statement of facts that would even imply that he is entitled to relief. Batchelor attaches a copy of the discharged mortgage to his complaint and says nothing of the mortgage currently running on his property. The complaint and Batchelor's responses are nothing more than vague and unsupported conclusions. Batchelor stacks conclusions upon conclusions without providing any factual basis for his claims and this is insufficient to meet even the minimal pleading requirements of Rule 8(a). Batchelor leaves the Court to guess how he is entitled to the relief that he requests. On this failure alone, CMI is entitled to dismissal of the complaint because Batchelor has failed to state a plausible claim for relief.

In his response, Batchelor requests that the Court grant him leave to file an amended complaint. Local Rule 15.1 requires the party seeking leave to amend attach the proposed amended complaint to a motion to amend. E.D. Mich. L.R. 15.1. Batchelor has not filed a motion to amend or attached the proposed amended complaint. Notwithstanding Batchelor's failure to adhere to the court rules, he has not provided any basis for an amendment. The Court finds that the amendment would not be in the interests of justice because any amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000). Batchelor's request is denied.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss [Docket No. 3, filed September 25, 2012] is GRANTED.

IT IS SO ORDERED.

                                        s/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: April 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2013, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager